# United States Court of Appeals
## For the First Circuit

No. 15-1424

ELIZABETH CARRASQUILLO-ORTIZ; CARMEN GUZMÁN-VÁZQUEZ; DANIEL OUVIÑA; VÍCTOR RIVERA; MATILDE RODRÍGUEZ-NOA; BRENDA ENID VÁZQUEZ-DÍAZ; FRED VOLTAGGIO-DE JESÚS,

Plaintiffs, Appellants,

v.

AMERICAN AIRLINES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before
Thompson, Hawkins,[*] and Barron,
Circuit Judges.

Alfredo Fernández-Martínez, with whom Delgado & Fernández, LLC, was on brief, for appellants.
Juan Enjamio, with whom Hunton & Williams LLP was on brief, for appellee.

June 9, 2016

[*] Of the Ninth Circuit, sitting by designation.

**BARRON**, **Circuit Judge**.  This appeal concerns the proper interpretation of Article 3 of Puerto Rico's Law No. 80 ("Law 80"). In January, we certified a question to the Supreme Court of Puerto Rico to aid in our resolution of the case.  We now have the Supreme Court of Puerto Rico's response, and, on that basis, we affirm the District Court.

To briefly recap, Article 3 requires companies that operate in Puerto Rico to pay a statutory severance, called a "mesada," to certain employees in Puerto Rico who are terminated as part of a downsizing or restructuring when less senior employees in their job category are permitted to remain.  The plaintiffs are former employees of defendant American Airlines, Inc. ("American"), who contend American owes them a mesada.

The parties agree that American owed the plaintiffs a mesada only if American was required by Article 3 to compute seniority within the plaintiffs' job category based on "all the employees of the company, that is to say, taking into consideration all of its offices," P.R. Laws Ann. tit. 29, § 185c(b), rather than based on only employees in the same office as the employee who has been terminated.  And the parties agree that this method of computing seniority applies only to companies "whose regular and usual practice is to transfer its employees from one unit to another."  Id.  Their key dispute is over whether American's transfers between its lone Puerto Rico office and its offices in

other jurisdictions count as relevant transfers for the purposes of Article 3.

The District Court agreed with American that such transfers did not count, and it therefore granted American's motion for summary judgment. The District Court based this conclusion on the Supreme Court of Puerto Rico's decision in Reyes Sánchez v. Eaton Elec., 189 P.R. Dec. 586 (2013). There, the Supreme Court of Puerto Rico stated that the analysis of employer transfer activity under Article 3 of Law 80 "is limited to determining the frequency of transfers of employees between the company's establishments in the jurisdiction of Puerto Rico." Id. at 608 (certified translation at 24).

This appeal then followed, and, after hearing argument in November, we certified a question to the Supreme Court of Puerto Rico in January regarding Reyes Sánchez. In our opinion certifying the question, we noted that the statement in Reyes Sánchez on which the District Court relied, standing alone, supported American's position. Carrasquillo-Ortiz v. Am. Airlines, Inc., 812 F.3d 195, 197 (1st Cir. 2016). But, we explained, the defendant company in Reyes Sánchez apparently[1] operated only as a separate subsidiary in Puerto Rico and thus made no transfers between an office in Puerto Rico and an office outside of Puerto Rico that was part of

---

[1] The plaintiffs have represented this to us throughout this litigation, and American has never contested that representation.

the same corporate entity.  Id. at 197-98.  American, by contrast, operates as one corporate entity worldwide and so makes transfers only within the same corporate entity.  Id.  We thus asked in our certification request whether the Reyes Sánchez Court's statement that the transfer analysis under Article 3 is limited to those "between the company's establishments in the jurisdiction of Puerto Rico," 189 P.R. Dec. at 608 (certified translation at 24) applied "where the employer has one office in Puerto Rico and multiple offices in other jurisdictions and operates all of its offices under the same corporate entity." Carrasquillo-Ortiz, 812 F.3d at 200.

In a resolution issued on May 6, 2016, the Supreme Court of Puerto Rico responded to our request by denying certification on the ground that Reyes Sánchez "held that the scope of [Article 3] is limited to an analysis of personnel movements between an enterprise's establishments in Puerto Rico and those made out of the Commonwealth are not considered."  Because this resolution makes clear that the holding of Reyes Sánchez covers cases in which the defendant employer operates as one corporate entity worldwide, and because American has only one office in Puerto Rico, American does not make transfers that could trigger the method for computing seniority that would benefit the plaintiffs.  Accordingly, Reyes Sánchez requires that we **affirm** the District Court's grant of summary judgment to American.

- 4 -